UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL STEVENSON, JR., ) | 1:05-CV-0962 REC LJO HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITIONER'S MOTION TO |
| v. ) | WITHDRAW PETITION |
| ) | [Doc. #13] |
| DERRALL G. ADAMS, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 27, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On September 6, 2005, the Court issued an order directing Respondent to file a response to the petition. Following an unsuccessful attempt to stay the petition, on November 25, 2005,[1] Petitioner filed a motion to withdraw the petition so he could return to state court to exhaust additional claims. On

---

[1] The motion was filed in this Court on December 1, 2005; however, it was dated November 25, 2005. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Given that similar time concerns are at issue here, the Court, pursuant to the mailbox rule, will consider the motion as filed on November 25, 2005, the date Petitioner presumably handed his motion to prison authorities for mailing.

1  December 1, 2005, Respondent filed an answer to the petition.

2  Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, "an action may be
3  dismissed by the [petitioner] without order of court [] by filing a notice of dismissal at any time
4  before service by the adverse party of an answer . . . ."  Pursuant to Rule 11 of the Rules Governing
5  Section 2254 Cases, the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent
6  with these rules, may be applied, when appropriate, to petitions filed under these rules."

7  In this case, Petitioner filed his motion to withdraw the petition before Respondent filed his
8  answer. Therefore, under Rule 41(a)(1), the petition must be dismissed.

9  The Court expresses no opinion with respect to the timeliness of the instant petition or any
10 future petition. Nevertheless, Petitioner is forewarned that there is a one-year statute of limitations
11 period governing the filing of federal habeas petitions which commences upon the conclusion of
12 direct review. 28 U.S.C. § 2241(d).  The statute may be tolled for the time "during which a properly
13 filed application for State post-conviction or other collateral review with respect to the pertinent
14 judgment or claim is pending." 28 U.S.C. § 2241(d)(2). However, the statute will not be tolled for
15 the time during which a state post-conviction petition is pending that the state court rejects as
16 untimely, because an untimely state petition is not considered "properly filed" within the meaning of
17 the limitations period. Pace v. DiGuglielmo, __ U.S. __, 125 S.Ct. 1807, 1812 (2005). In addition,
18 the statute is not tolled for the time a habeas petition is pending in federal court. Duncan v. Walker,
19 121 S.Ct. 2120, 2129 (2001).

**RECOMMENDATION**

21 Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion to withdraw his
22 petition be GRANTED.

23 This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United
24 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
25 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
26 California.  Within thirty (30) days after being served with a copy, any party may file written
27 objections with the court and serve a copy on all parties.  Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

1  be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
2  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
3  (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
4  the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  IT IS SO ORDERED.
6  **Dated:   December 15, 2005**          /s/ Lawrence J. O'Neill
   b9ed48                                   UNITED STATES MAGISTRATE JUDGE